J-S32002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP G. MOELLER, JR. | : | |
| | : | |
| Appellant | : | No. 1580 MDA 2017 |

Appeal from the Order Entered September 25, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001646-2015

BEFORE: PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J. **FILED SEPTEMBER 14, 2018**

Appellant, Phillip G. Moeller, Jr., challenges the order entered in the Schuylkill County Court of Common Pleas, denying his motion for dismissal based on double jeopardy grounds. We affirm.

The relevant facts and procedural history of this case are as follows. Appellant called 911 after his girlfriend's grandson, T.G., whom he had been babysitting, was unresponsive. A responding officer noted the boy's stomach was distended, and his breathing was shallow and irregular. Emergency medical workers airlifted T.G. to the pediatric intensive care unit at an area hospital, where he later died from his injuries.

Appellant entered a no-contest plea to involuntary manslaughter, which the court later permitted him to withdraw. He proceeded to a jury trial. At trial, the responding officer testified Appellant told him at the scene that T.G.'s injuries were the result of a fall from his bed. *See* N.T. Trial, 6/6/17, at 24.

_____
* Retired Senior Judge assigned to the Superior Court.

The officer stated that hospital staff informed him the magnitude of T.G.'s injuries was inconsistent with a fall. ***See id***., at 26. When confronted with that information, Appellant told police he had been playing with the boy when the injuries occurred. ***See id***., at 32.

Ms. Stone testified Appellant had also given her inconsistent statements about how her grandson was injured. She stated Appellant had asked one of the attending nurses whether T.G. would "remember anything or be able to talk" if he woke up again. ***Id***., at 70. Ms. Stone related that, when she mentioned the large bruises on T.G.'s neck, Appellant spontaneously insisted they were "not thumbprints." ***Id***. at 72.

After the second statement, defense counsel moved at sidebar for a mistrial, on the basis that, despite counsel's request, the Commonwealth failed to provide these incriminating statements during discovery. The court granted a mistrial. Defense counsel then filed a motion to dismiss the case with prejudice. The court held a hearing.

Counsel for the Commonwealth denied any intent to conceal the testimony. Counsel stated a document containing part of Ms. Stone's previous interview with police about those statements was simply misplaced due to an oversight. He also attested he did not intend to elicit that testimony from Ms.

Stone during trial. The court ultimately denied the motion to dismiss.[1] This appeal is now properly before us.

Appellant contests a single issue on appeal: whether the trial court erred in denying his motion for dismissal, based on his allegation that counsel for the Commonwealth withheld information about Ms. Stone's testimony.

> An appeal grounded in double jeopardy raises a question of constitutional law. This court's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is de novo[.] To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings:
>
> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

***Commonwealth v. Lynn***, ___ A.3d ___, ___, 2018 WL 3153694, *3-4 (Pa. Super., filed June 28, 2018) (citation omitted; brackets in original).

"Ordinarily, the law permits retrial when the defendant successfully moves for mistrial." ***Commonwealth v. Adams***, 177 A.3d 359, 371 (Pa. Super. 2017) (citations omitted). "If, however, the prosecution engages in certain forms of intentional misconduct, the Double Jeopardy Clause bars retrial." ***Id***. (citations omitted). A prosecutor's misconduct bars retrial where

---

[1] The court specifically found the motion for dismissal was not frivolous. Thus, under Pa.R.Crim.P. 587(B)(6), this rendered the denial of Appellant's motion immediately appealable as a collateral order.

he either intends to provoke the defendant into moving for a mistrial, or where his actions are intentionally undertaken to so prejudice the defendant that he is denied a fair trial. *See Commonwealth v. Graham*, 109 A.3d 733, 736 (Pa. Super. 2015). Mere prosecutorial error does not deprive a defendant of a fair trial. *See id*.

Here, the trial court made numerous findings of fact about the Commonwealth's discovery omission. The court found defense counsel requested information about the substance of any inculpatory statements, and that the Commonwealth failed to inform counsel of the statements Ms. Stone alleged that Appellant made. The court also determined that the Commonwealth appreciated the significance of Ms. Stone's statements, and intended to elicit these during direct examination. However, the court deemed the withheld statements inculpatory, and found the Commonwealth's lapse to be negligent and inattentive rather than intentional.

Appellant asserts the Commonwealth's conduct was calculated to provoke him into moving for a mistrial, and to deny him a fair trial. But he fails to provide evidence to prove either assertion. Instead, he merely mischaracterizes the statement about the thumbprints on T.G.'s neck as exculpatory, because a nurse who was present told the Commonwealth she did not recall hearing it. Testimony from the hearing about the Commonwealth's trial prep only showed the nurse, when interviewed, could not recall any information about T.G.'s case. Far from establishing a specific

recollection that Appellant had *not* mentioned thumbprints, the notes show only that the nurse was unable to remember the case entirely.

Aside from the erroneous depiction of this evidence as exculpatory, Appellant provides no proof that the Commonwealth gained an advantage by failing to disclose it. Indeed, as punishment for doing so, the Commonwealth must retry the case. In the absence of any evidence that the Commonwealth intentionally withheld the statements, we must affirm the trial court's order denying Appellant's motion for a dismissal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/14/2018